IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FRANCES BURR                                                                              PLAINTIFF

v.                                            No. 5:08CV00309 JLH

LINCOLN COUNTY SHERIFF'S OFFICE;
LARRY MCGEE, Sheriff, in his official
and individual capacities                                                              DEFENDANTS

**OPINION AND ORDER**

Frances Burr brings this action against the Lincoln County Sheriff's Office and Larry McGee, Sheriff, both in his official and individual capacities, for seizing her property without probable cause, negligently causing personal injuries to her, defaming her, and depriving her of the sum of $52,280.96 without due process. According to her complaint, on July 17, 2005, she was working at an arcade in Star City, Arkansas, when the defendants converged on the arcade, seized its assets, and arrested her for illegal operation of a gambling house. She also alleges that her personal funds were wrongfully seized from her vehicle without probable cause. According to the complaint, those funds were forfeited in an *in rem* action in the Lincoln County Circuit Court in a case in which a forfeiture order was entered on September 18, 2006, purporting to surrender her funds to the state as a part of an illegal gambling operation. She alleges that she never consented to the entry of an order even though it was denominated an "agreed order" and signed by her lawyer. She moved to set aside the forfeiture order, but the Lincoln County Circuit Court denied her motion.

The defendants have filed a motion to dismiss arguing that Burr's claims are barred by the statute of limitations. Burr brings her action pursuant to 42 U.S.C. § 1983. The limitation period in an action under 42 U.S.C. § 1983 is the state statute of limitations for personal injury claims.

*Morton v. City of Little Rock*, 934 F.2d 180, 182-83 (8th Cir. 1991). In Arkansas, the applicable period is three years. *Id*.; ARK. CODE ANN. § 16-56-105.

The defendants argue that all of the actions of which Burr complains occurred on or about July 17, 2005. This action was commenced on November 19, 2008, more than three years later. Therefore, the defendants argue, this action is barred by the statute of limitations.

Burr argues, however, that her claim accrued on September 18, 2006, when the order of forfeiture was entered in Lincoln County Circuit Court. Her complaint was filed approximately two years and two months later, so, on her argument, the complaint is not barred by the statute of limitations.

It is apparent from the face of the complaint that Burr is complaining in part about the search that occurred on July 17, 2005, and in part about the entry of the forfeiture order on September 18, 2006. She alleges, for instance, that the search on July 17, 2005, was conducted without probable cause, and that she was arrested on that date without probable cause. She alleges that funds were seized on that date without probable cause. She alleges that one of the deputies snatched her arms behind her and pushed her face into a wall on that date. She alleges that she was handcuffed with her arms twisted, and her face was pushed into a television camera as she was led out of the arcade to the patrol car, where she was roughly thrown into the vehicle. She alleges that she sustained serious and long-standing injuries as a result of the manner in which she was treated on July 17, 2005. All of those claims accrued on July 17, 2005, and are therefore barred by the statute of limitations.

Burr's claims regarding the entry of the forfeiture order on September 18, 2006, may not be barred by the statute of limitations. However, it appears that the Court has no jurisdiction over those

claims. Burr complains that her funds were "taken and confiscated under color of law in the above-mentioned 09/14/06[1] so called 'Agreed Order.'" Burr is asking this Court to hold that the Lincoln County Circuit Court acted unlawfully when it entered the forfeiture order on September 18, 2006. That request appears to run afoul of the Rooker-Feldmon Doctrine, which prohibits lower federal courts from exercising appellate review of state court judgments. *See D.C. Court of Appeals v. Feldmon*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "The United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions." *Skit Int'l, Ltd. v. DAC Technologies of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007). "Rooker-Feldmon is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it." *Id.* at 1157. Here, Burr complains about the forfeiture order entered on September 18, 2006, and she seeks review and rejection of it. Apart from the claims relating to the search of July 17, 2005 – all of which are barred by the statute of limitations – the injury for which Burr seeks redress "stems directly from the state court judgment itself rather than from some separate injury caused by the defendant." *Id.*

In summary, part of Burr's claims are based upon the search that occurred on July 17, 2005, and those claims are barred by the statute of limitations; but another part of her claims relate to the entry of the forfeiture order on September 18, 2006, and while those claims may not be barred by the statute of limitations, it appears they are barred by the Rooker-Feldmon Doctrine. However, Burr has not had an opportunity to address the Rooker-Feldmon issue, which has been raised by the Court

---

[1] The forfeiture order was signed by the judge on September 14, 2006, and entered on September 18, 2006.

*sua sponte*.[2]  Therefore, the Court will not dismiss her complaint at this time and will reserve doing so to give her an opportunity to brief that issue.  If she wishes to file a brief addressing the applicability of the Rooker-Feldmon Doctrine to this action, she must do so within fourteen (14) days after entry of this Opinion and Order.

IT IS SO ORDERED this 12th day of February, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[2] Although the defendants did not raise the Rooker-Feldmon Doctrine, it is jurisdictional and therefore may be raised *sua sponte*. *Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 818 (8th Cir. 2004).