**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

FRANCES BURR                                                                                           PLAINTIFF

v.                                              No. 5:08CV00309 JLH

LINCOLN COUNTY SHERIFF'S OFFICE;
LARRY MCGEE, Sheriff, in his official
and individual capacities                                                                          DEFENDANTS

**OPINION AND ORDER**

Frances Burr brought this action against the Lincoln County Sheriff's Office and Larry McGee, Sheriff, both in his official and individual capacities, for seizing her property without probable cause, negligently causing personal injuries to her, defaming her, and depriving her of the sum of $52,280.96 without due process. In a February 12, 2009 Opinion and Order, the Court held that the part of Burr's claims based upon a search conducted on July 17, 2005, were barred by the statute of limitations, but her claims relating to a September 18, 2006 forfeiture order were not barred by the statute of limitations. However, the Court raised *sua sponte* the jurisdictional issue of whether Burr's claims relating to the forfeiture order were barred by the Rooker-Feldman Doctrine and allowed Burr to brief that issue. The Court holds that her claims relating to the forfeiture order are barred by the Rooker-Feldman Doctrine, and her complaint against the defendants is thus dismissed.

During a search that occurred on July 17, 2005, Burr alleges that funds seized from her vehicle were taken without probable cause. Burr states that the funds were "taken and confiscated under color of law in the above-mentioned 09/14/06 so called 'Agreed Order.'" The Lincoln County Circuit Court judge signed the order on September 14, 2006, and entered it on September 18, 2006.

The forfeiture order surrendered her funds to the state as part of an illegal gambling operation. Burr alleges that she never consented to the entry of the order, even though it was denominated an "agreed order" and signed by her lawyer. She moved to set aside the forfeiture order, but the Lincoln County Circuit Court denied her motion. Burr's complaint asks that this Court to hold that the Lincoln County Circuit Court's entry of the forfeiture order "was a denial of due process, and represented an illegal taking which is not sanctioned by any law, but was accomplished for the convenience and political advantage of the defendants."

The Rooker-Feldman Doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "The United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions." *Skit Int'l, Ltd. v. DAC Technologies of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007). "Rooker-Feldman is implicated in that subset of cases where the losing party in a state court action subsequently complaints about that judgment and seeks review and rejection of it." *Id.* at 1157.

Here, Burr complains about the Lincoln County Circuit Court's forfeiture order, and she seeks review and rejection of it. In her brief opposing the application of the Rooker-Feldman Doctrine, Burr states that her primary complaints relate to the wrongful seizure of her property, the malicious injuring of her body, and the facilitation of an improper state court judgment. As the Court discussed in its February 12, 2009 order, Burr's claims relating to the seizure of property and her personal injuries, which occurred on July 17, 2005, are barred by the statute of limitations, so the Court need not consider those allegations again. Burr's only argument against the application

of the Rooker-Feldman Doctrine is that the defendants facilitated entry of an improper forfeiture order by opposing her efforts to have the order set aside, thus denying her of "any hearing of her claim on its merits before the state court." Essentially, Burr is asking this Court to review the Lincoln County Circuit Court's entry of the "Agreed Order" and denial of her motion to set aside that order. Presumably, Burr presented to the circuit court in her motion to set aside the forfeiture order any evidence she had that the defendants fraudulently obtained and facilitated the improper entry of the "Agreed Order," which was signed by Burr's attorney. After considering Burr's motion to set aside the order, the Lincoln County Circuit Court denied her motion. To ask this Court to hold that the Lincoln County Circuit Court's action was improper is to ask for federal court review of a state court decision, which is prohibited by the Rooker-Feldman Doctrine. *See Skit Int'l, Ltd.*, 487 F.3d at 1156. This Court has no jurisdiction to consider Burr's claims regarding the forfeiture order. Her claims relating to the July 17, 2005 incident are barred by the statute of limitations. Therefore, the defendants' motion to dismiss is GRANTED. Document #2.

    IT IS SO ORDERED this 11th day of March, 2009.

                                                                            */s/ J. Leon Holmes*
                                                                     J. LEON HOLMES
                                                                     UNITED STATES DISTRICT JUDGE